UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**MARK A. TAYLOR**                                                                                      **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 5:11-CV-P164-R**

**BILL ADAMS** *et al.*                                                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

### I.

      Plaintiff, Mark A. Taylor, an inmate currently incarcerated in the McCracken County Jail, commenced this action by filling out and filing a 42 U.S.C. § 1983 civil rights complaint form.  Plaintiff's complaint details numerous conditions at the McCracken County Jail that he believes are unsanitary and dangerous.  He also alleges that prison officials have ignored or refused to accept his grievances about those conditions.  He sues McCracken County Jailer Bill Adams, the McCracken County Jail, and McCracken County.

      Plaintiff's complaint is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), and on his motions for a temporary injunction prohibiting future retaliation, his motion for service of his summonses, and his motion for appointment of counsel.

      For the reasons set forth below, the Court will dismiss a portion of Plaintiff's complaint and allow a portion to proceed for further development.  In light of this decision, the Court will grant Plaintiff's motion for issuance of summonses.  The Court will deny Plaintiff's motion for a temporary injunction because it is purely speculative and deny his motion for appointment of counsel because he has failed to prove the existence of any "exceptional circumstances."

## II.

Section 1983 provides a federal forum for injured parties to seek a remedy for the deprivation of their civil liberties.  42 U.S.C. § 1983; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  "To state a valid § 1983 claim, Plaintiff must establish that:  (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law."  *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail."  *Id.* With these requirements in mind, the Court now turns to Plaintiff's complaint.

**A.     Parties**

Plaintiff sued Defendant Jailer Bill Adams, the McCracken County Jail, and McCracken County.  Although Plaintiff does not specifically allege capacity in his complaint, the Court presumes from his pleading that Plaintiff is suing Defendant Adams in both his official and individual capacities.

**1.     Individual-capacity claims against Defendant Adams**

Plaintiff alleges in his complaint that Defendant Adams is responsible for the alleged violations because of his supervisory authority over the jail.  However, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability.  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough to impute liability to the supervisor, nor can

supervisory liability be based upon the mere failure to act. *Ashcroft v. Iqbal*, 556 U.S. 662, _, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Accordingly, the Court will dismiss Plaintiff's individual-capacity claims against Defendant Adams because Plaintiff failed to allege an actionable claim against him personally.

### 2. Official-capacity claims against Defendant Adams

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity, which is McCracken County in this case. *Will*, 491 U.S. at 71. As such, "[t]here is no longer a need to bring official-capacity actions against local government officials, for . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Since Plaintiff has sued McCracken County directly, there is no need to consider his official-capacity claim against Defendant Adams. The Court will dismiss this claim as redundant. See *Von Herbert v. City of St. Clair Shores,* 61 F. App'x 133, 140 (6th Cir. 2003) ("Herbert's official-capacity federal claims against [the individual defendants] were redundant, because they were subsumed by her § 1983 charge against the city.").

### 3. McCracken County Jail

Municipal departments, such as jails, are not "persons" amendable to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117,120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) ("The McCracken County Jail is not a legal entity susceptible to suit. Because the McCracken

County Jail is a department of the county, the county is the appropriate party to address [the plaintiff's] suit."). Accordingly, the Court will dismiss Plaintiff's claims against the McCracken County Jail.

### 4. McCracken County

The county is a municipal entity. To state a claim against a municipality under § 1983 for monetary, declaratory, or injunctive relief, a plaintiff must show: 1) a deprivation of his constitutional or federal rights; 2) that occurred pursuant to a custom, usage, or official policy of the municipality. *Monell*, 436 U.S. at 690-91. A municipal policy need not be formal or written to bring § 1983 into play. It can be found in "a widespread practice that, although not authorized by written law or express municipal policy is 'so permanent and well settled as to constitute 'custom or usage' with the force of law.'" *City of St. Louis, Praprotnik*, 485 U.S. 112, 127 (1988). Taking Plaintiff's allegations as true as it must on initial review, the Court finds that Plaintiff alleges widespread and pervasive conditions sufficient to warrant allowing his claim against McCracken Coutny to proceed for further development.

### B. Grievance-related complaints

Plaintiff contends that the jail officials have ignored or refused to accept his grievances about the conditions at the jail. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. Appx. 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial or failure to answer the plaintiff's grievance. *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001). Thus, Plaintiff's claim against Defendants for not adequately responding to and/or ignoring his grievances must be dismissed

for failure to state a claim.

C.   **Conditions of Confinement**

Plaintiff alleges a variety of practices and conditions he claims are dangerous and unsanitary at the jail, including mold, untreated infections, a lack of cleaning products, improper ventilation, and many others.  In the section of the form complaint asking Plaintiff to specify his injuries, he states:

> Constant fear and distress of possible infection, permanent brain, heart, lung, liver, kidney, and skin damage, compounded by insufficient, inferior medical and emergency medical care, further elevated by recent deaths and MRSA and staff [sic] infection occurrences, which the likelihood [sic] could be reduced by simple cleaning.

The law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986).  In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury.  Under the Prison Litigation Reform Act, lawsuits brought by institutionalized persons requires a "physical" injury in order to permit recovery:  "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Because Plaintiff does not allege a present, existing injury, he cannot recover compensatory damages for the emotional distress he claims he is suffering.  Thus, the Court will dismiss his claim for monetary damages without prejudice to reassert the claim should he sustain

5

a physical injury at some point in the future.

Although Plaintiff may not seek money damages for emotional distress related to the fear of future injury, this does not mean that he is without recourse.  A review of the record indicates that Plaintiff is still housed at McCracken County Jail.  As such, presuming the allegations in Plaintiff's complaint are true, he faces the risk of future injury.  "'[I]t would be odd to deny an injunction to inmates who plainly proved an unsafe, life-threatening condition in their prison on the ground that nothing yet had happened to them.'"  *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 551 (6th Cir. 2003) (quoting *Helling v. McKinney*, 509 U.S. 25 (1993)).

Based on the allegations in Plaintiff's complaint regarding the unsanitary and dangerous conditions at the McCracken County jail, the Court will allow his Fourteenth Amendment deliberate indifference claims to proceed for further development as against McCracken County to the extent Plaintiff seeks injunctive relief.

### III.

 **IT IS ORDERED** that Plaintiff's individual-capacity claims against Defendant Adams, his claims against McCracken County Jail, and his claims regarding the jail officials' failure to adequately respond to his grievances are dismissed pursuant to  28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims against Defendant Adams are **DISMISSED** as redundant because Plaintiff sued McCracken County, and Plaintiff's claim for money damages for emotional distress is **DISMISSED** pursuant to 42 U.S.C. § 1997e(e) because Plaintiff is institutionalized and has failed to allege a corresponding physical injury.

The Clerk of Court is **DIRECTED** to terminate Defendant Adams and the McCracken County Jail as parties to this action because all claims against them have been dismissed.

Plaintiff's motion for the Court to direct issuance of summonses and service of his complaint (DN 12) is **GRANTED with respect to his injunctive relief claim against McCracken County.** By separate Order, the Court will direct the United States Marshals Service to serve a copy of Plaintiff's complaint on McCracken County pursuant to Fed. R. Civ. P. 4 and will set a schedule for the development of Plaintiff's remaining claim.

### IV.

Plaintiff filed a one-paragraph motion asking the Court to order Defendants to refrain from retaliating against him and his incarcerated family members. He apparently believes that if this action proceeds, he and his family members will be punished by Defendants. Plaintiff does not allege that he has actually suffered any retaliation for instituting this litigation or that he has any specific reason to believe that he might suffer such retaliation in the future. His claim for injunctive relief is speculative and does not present a "case or controversy" under Article III. *Hanna v. Lappin*, No. 04-CV-370-KSF, 2005 U.S. Dist. LEXIS 30039, at *28 (E.D. Ky. Nov. 23, 2005) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167 (2000)). **IT IS THEREFORE ORDERED** that Plaintiff's motion for a preliminary injunction prohibiting retaliation by Defendants during the pendency of this action (DN 5) is **DENIED**.

### V.

Finally, Plaintiff has filed a motion asking the Court to appoint counsel to represent him in this action. He indicates that counsel is necessary because he is incarcerated, has a limited education, lacks experience pertaining to civil matters, and is limited in his use of the library.

Litigants do not possess a constitutional right to the appointment of counsel in a civil case. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Rather, appointment of counsel lies exclusively within the court's discretion. Appointment of counsel is justified only in exceptional circumstances. *Id.* at 606. To determine whether exceptional circumstances exist, the Court must consider the complexity of the issues involved and the ability of Plaintiff to represent himself. *Id.*

The Court finds that the complexity of the legal issues in this case does not necessitate the appointment of counsel at this time. Further, based on the pleadings filed thus far, it appears that Plaintiff is able to access the courts and to represent himself. His filings are coherent and legible, reflecting his ability to express himself to the Court.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (DN 13) is **DENIED**.

Date:

cc:    Plaintiff, *pro se*
       Defendants
       McCracken County Attorney

4413.008