UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**MARK A. TAYLOR**
    Plaintiff

v.                                                                                                   No. 5:11CV-00164-R

**McCRACKEN COUNTY**
    Defendant

**MEMORANDUM OPINION and ORDER**

The Defendant has filed a motion to compel and to extend discovery deadlines through June 22, 2012 (Docket Entry No. 54). The Plaintiff has filed a motion to extend discovery deadlines (Docket Entry No. 55). For the reasons below, the Plaintiff's motion to extend deadlines is GRANTED, and the Defendant's motion to compel is DENIED. In addition, the court shall *sua-sponte* impose a protective order limiting the scope of the Defendant's deposition of the Plaintiff.

**Procedural History**

The Plaintiff is currently incarcerated in the McCracken County Jail awaiting trial on charges of capital murder and assaulting a jail nurse. He filed a civil rights action pursuant to 42 U.S.C. § 1983 in this court alleging, among other things, that a variety of practices and conditions at the jail are dangerous and unsanitary, including mold, untreated staph infections, lack of cleaning products, and improper ventilation. The Plaintiff seeks injunctive relief against McCracken County to correct these practices and conditions, and after initial screening, the court allowed the claim to proceed (Docket Entry No. 23).

Case 5:11-cv-00164-TBR-LLK   Document 60   Filed 07/05/12   Page 2 of 7 PageID #: 328

The Plaintiff is unrepresented in this action, and Douglas Moore represents McCracken County. Aaron Harper represents the Plaintiff in the criminal matters pending in state court.

On June 7, 2012, Mr. Moore scheduled a deposition of the Plaintiff. Although the Plaintiff was willing to proceed with the deposition, Mr. Harper was present and advised him not to answer any question because his answers might incriminate him. At the deposition, Mr. Moore explained to the Plaintiff that (Transcript, Docket Entry No. 54)

> Many of my questions in this deposition are going to concern events that led up to your incarceration. They're also going to concern the events that have occurred since you've been incarcerated.
>
> And frankly, if you answer my questions, you would be giving up some Fifth Amendment rights that I believe you have in your criminal case. So I don't feel comfortable right now taking your deposition.
>
> Unfortunately, excuse me, my discovery deadline is tomorrow, June 8. So what I'm going to do is not take your deposition today, but I'm going to move the court to extend the discovery deadline until after your criminal case is resolved ....

Later during the deposition, Mr. Moore characterized his anticipated motion as one requesting a "stay [of discovery or perhaps the entire civil action] pending resolution of your criminal matter." The deposition was cut short.

Senior Judge Thomas B. Russell referred this case to the undersigned Magistrate Judge "for ruling on all discovery motions" (Docket Entry No. 53). Several motions remain pending before Judge Russell that are unrelated to discovery (Docket Entry Nos. 17, 18, 19, 20, 22, 26, 28, 30, 33, 43, 47, and 48).

Rather than filing a motion to stay civil proceedings pending resolution of the criminal matters, as suggested at the deposition, the Defendant filed the present motion to compel, asking the court to extend the discovery deadline by only a few days until June 22, 2012 – at which time the

2

criminal matters will remain unresolved – and order the Plaintiff to "submit to a properly-noticed deposition and respond to each question asked, including those questions related to Plaintiff's pending criminal indictment in McCracken Circuit Court" (Proposed Order, Docket Entry No. 54). Mr. Moore candidly admits that, if given the opportunity, he has every intention of questioning the Plaintiff "on such topics and issues as Plaintiff's activities and physical/mental health in the weeks prior to his incarceration (the time period in which the murder and kidnapping are alleged to have been committed), and his disciplinary record at the Jail since being incarcerated, including his alleged assault on a jail nurse – despite his criminal attorneys' objections" (Memorandum, Docket Entry No. 54, pp. 2-3).

The Plaintiff has moved to extend the discovery deadline through August 8, 2012 (Proposed Order, Docket Entry No. 55).

## Motion to Compel

On its face, the motion to compel is inapposite because the Plaintiff has not refused to answer any question or provide any information requested. The Plaintiff apparently was willing if not eager to proceed with the deposition, notwithstanding the advice of his criminal defense attorney. Nevertheless, we do understand the Defendant's concerns with respect to the Plaintiff's pending criminal trial and interpret the motion as a request for this Court to authorize and pre-approve a thoroughgoing questioning of the Plaintiff, despite a probability of the Plaintiff's giving incriminating answers.

Because the Defendant has cited no authority for this type of authorization and pre-approval and has not shown that such broad discovery is relevant to the Plaintiff's conditions of confinement claims, the Defendant's motion to compel (Docket Entry No. 54) is DENIED.

## Conditions of Confinement Claims

"[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "While a pretrial detainee [such as the Plaintiff] does not enjoy protection of the Eighth Amendment, the Eighth Amendment rights of prisoners are analogous to pretrial detainees' due process rights under the Fourteenth Amendment." *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992). Prison officials violate the Eighth Amendment when they exhibit "deliberate indifference ... to a prisoner's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

To establish a claim of deliberate indifference, a plaintiff must show both an objective and a subjective component. The Plaintiff must show that (1) the Defendant inflicted a sufficiently grave deprivation of his basic human needs; and (2) the Defendant had a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). A prison's conditions of confinement are sufficiently grave if they fall beneath "the minimal civilized measure of life's necessities" as measured by a "contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official inflicting such conditions acts with a sufficiently culpable state of mind if he does so with "deliberate indifference." *Wilson*, 501 U.S. at 303.

## Limitations on the Scope of the Deposition

While we appreciate Mr. Moore's candor in stating that, if given the opportunity, he has every intention of questioning the Plaintiff "on such topics and issues as Plaintiff's activities and physical/mental health in the weeks prior to his incarceration (the time period in which the murder and kidnapping are alleged to have been committed), and his disciplinary record at the Jail since

being incarcerated, including his alleged assault on a jail nurse – despite his criminal attorneys' objections" (Memorandum, Docket Entry No. 54, pp. 2-3), such questioning is over-broad at this time.

Fed.R.Civ.P. 26(b)(1) provides, in pertinent part, that "[u]nless otherwise limited by court order, the scope of discovery is ... any nonprivileged matter that is relevant to any party's claim or defense." The circumstances of the alleged murder appear to be irrelevant to the plaintiff's conditions of confinement claims. The Defendant has not shown that the Plaintiff's activities and state of mind before he entered the Jail are relevant to either the claim or the defense.

Alternatively, "[o]n motion or on its own, the court must limit the ... extent of discovery otherwise allowed by these rules ... if it determines that ... the burden ... of the proposed discovery outweighs its likely benefit, considering ... the importance of the issues at stake in the action." Fed.R.Civ.P. 26(b)(2)(C)(iii). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding inquiry into certain matters." Fed.R.Civ.P. 26(c)(1)(D).

Even if the circumstances of the alleged murder are somehow relevant to the conditions of confinement claim or the defense, there remains a very real possibility that the Plaintiff will incriminate himself and the prosecution will attempt to utilize the incriminating statements. Given this possibility, it is not difficult to imagine that, in the criminal proceeding, the Plaintiff will argue that he did not waive his Fifth Amendment right to remain silent in a voluntary, knowing, and intelligent manner. This, in turn, would side-track the prosecution and burden the trial court with a need to rule on these difficult matters – all because the Plaintiff chose to answer questions at a civil deposition that were of little to no importance to the issues at stake in the civil action. This danger

5

may be viewed as a type of "burden" or potential burden on the prosecution and state court that seems worthy of protection by this federal court.

For the foregoing reasons and on the court's own motion, the Defendant is PROHIBITED to question the Plaintiff on such topics and issues as the Plaintiff's activities and physical/mental health in the weeks prior to his incarceration (the time period in which the murder and kidnapping are alleged to have been committed). The Defendant is PERMITTED to question the Plaintiff on his disciplinary record at the Jail since being incarcerated, including his alleged assault on a jail nurse – but only to the extent such questioning is directly relevant to the Plaintiff's conditions of confinement claims or the Defendant's defense. The Court will be willing to reconsider the subject matter of questioning, including the foregoing prohibitions, after resolution of the criminal matters.

## Order

For the foregoing reasons,

1) the Defendant shall provide to the Plaintiff's criminal defense counsel, Aaron Harper, a COPY of this memorandum opinion and order and shall provide NOTICE to Mr. Harper of any future deposition.

2) the Plaintiff's motion to extend the discovery deadline (Docket Entry No. 55) is GRANTED, and the discovery deadline is EXTENDED through September 30, 2012; the deadline for Plaintiff to file a pretrial memorandum is extended to October 30, 2012; and the dispositive motion deadline is extended to November 29, 2012.

3) the Defendant's motion to compel (Docket Entry No. 54) is DENIED;

4) the Defendant is PROHIBITED to question the Plaintiff on such topics and issues as the Plaintiff's activities and physical/mental health in the weeks prior to his incarceration (the time period in which the murder and kidnapping are alleged to have been committed); and

5) the Defendant is PERMITTED to question the Plaintiff on his disciplinary record at the Jail since being incarcerated, including his alleged assault on a jail nurse – but only to the extent such questioning is directly relevant to the Plaintiff's conditions of confinement claims or the Defendant's defense.

6) after resolution of the criminal matters pending in the McCracken Circuit Court, this Court will entertain any renewed motion to compel and will reconsider the subject matter of questioning at the deposition.

## Notice

Within 28 days after entry of this opinion and order, the parties may file a motion to alter or amend to correct manifest error of fact or law pursuant to Fed.R.Civ.P. 59(e). Alternatively, within 14 days after being served with a copy of this opinion and order, the parties may file objections with the district judge alleging that it is "clearly erroneous or is contrary to law." Fed.R.Civ.P. 72(a).