UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-P164-R

**MARK A. TAYLOR**                                                                              **PLAINTIFF**

v.

**BILL ADAMS** *et al.*                                                                          **DEFENDANTS**

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's second motion for appointment of counsel (DN 48).  In support of the motion, Plaintiff states that he seeks counsel to assist him in collecting physical evidence, taking depositions, and obtaining electronic evidence.  He states that appointment of counsel is necessary "because of the natural conflict in accomplishing the current phase of the remaining discovery needed to fairly, justly, and effectively proceed with this civil action."  Plaintiff also cites "the restricted access, and movement of the prisoner plantiff" and states that the McCracken County Jail's law library is limited and outdated, has no computer access, and has no legal aide.

In a civil case, appointment of counsel is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Title 28, United States Code, section 1915(e)(1) indicates that court-enlisted assistance of counsel is not mandatory, but merely a matter of discretion.  *See Martin v. Harvey*, 14 F. App'x 307, 310 (6th Cir. 2001).  Furthermore, appointment of counsel is justified only in exceptional circumstances.  *Lavado*, 992 F.2d at 606.  The relevant factors to assess in determining if exceptional circumstances exist are the complexity of the issues involved and the ability of Plaintiff to represent himself.  *Id.*

The Court does not find that the complexity of the legal issues in this case necessitates the appointment of counsel. Further, based on the pleadings filed thus far, it appears that Plaintiff is familiar with the workings of the legal system and is able to sufficiently represent himself at this time. Neither limitations on access to a law library, nor the fact that the *pro se* litigant would be better served with the assistance of counsel, necessarily qualify as exceptional circumstances. *Knowles-Browder v. Ca. Forensic Med. Group Staff*, No. CIV S-05-1260, 2006 WL 927255, at *1 (E.D. Cal. Apr. 10, 2006) ("Most pro se litigants believe that their cases are complex, and all prisoners find that their access to law libraries is limited."). Plaintiff has not shown that his situation is different from any other prisoner litigating claims in federal court. Plaintiff has therefore failed to set forth any exceptional circumstances warranting appointment of counsel at this time. Accordingly,

**IT IS ORDERED** that Plaintiff's second motion for appointment of counsel (DN 48) is **DENIED**.

Date:

cc:    Plaintiff, *pro se*
       Counsel of record
4413.010