UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-P164-R

**MARK A. TAYLOR**                                                                                    **PLAINTIFF**

v.

**BILL ADAMS** *et al.*                                                                          **DEFENDANTS**

## MEMORANDUM AND ORDER

This matter is before the Court on several pending motions by *pro se* Plaintiff Mark A. Taylor. Plaintiff's claims arise out of his incarceration at the McCracken County Jail (MCJ). Upon the initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's Fourteenth Amendment deliberate indifference claims to proceed against McCracken County for injunctive relief based on his allegations regarding unsanitary and dangerous conditions at MCJ.

**A.     Motions for admission of document into evidence (DNs 17, 18, and 20)**

Plaintiff filed three motions in which he requests to admit documents into evidence. These documents, which he identifies as Attachments J, K, and M, include: (1) handwritten lists organized by date describing a variety of unsanitary conditions, as well as actions taken to clean areas of the jail; (2) what appear to be pamphlets concerning MRSA and HIV/AIDS; (3) a description of the treatment of Plaintiff's daughter who is apparently also incarcerated at the MCJ; (4) documents addressed to "EPA Investigative/Enforcement," the Department of Corrections, the "McCracken County, Paducah City Fire Marshall," and the Centers for Disease Control concerning the alleged harmful and unsanitary conditions at MCJ and requesting investigations by these entities.

The Court's December 21, 2011, Scheduling Order entered in this case directed that "Plaintiff shall provide counsel for Defendants any records or documentation relevant to his remaining claims. **Plaintiff shall certify that production is complete and shall file the certification with the Court**."[1]  It further directed that "[a] party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d)."  Federal Rule of Civil Procedure 5(d)(1) provides, "[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing:  depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added). Therefore, the parties are not to file discovery material with the Court, unless it is in support of or in opposition to a motion for summary judgment or they are ordered by the Court to do so. Plaintiff does not seek to submit these documents in support of or in opposition to a motion for summary judgment, and the Court has not ordered Plaintiff to submit any evidence.

Moreover, to the extent that Plaintiff is attempting to bring any claim on behalf of his daughter, Plaintiff does not have standing to assert any claim on behalf of another person.  *See, e.g., Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause). Thus, the Court declines to consider any claims that Plaintiff may be attempting to assert on behalf of his daughter or any other family member.  Accordingly,

**IT IS ORDERED** that Plaintiff's motions to admit documents into evidence (DNs 17, 18, and 20) are **DENIED**.

---

[1] The deadline for discovery set in the original Scheduling Order was April 10, 2012. The discovery deadline is now extended to September 30, 2012 (DN 60).

B.      **Motion requesting inspection concerning health conditions (DN 19)**

Plaintiff also filed a motion requesting an inspection of the MCJ "due to health infractions." He requests that the inspection "be carried out by state health department officials in conjunction with local county health departments." The Court notes that Plaintiff filed a previous motion seeking an inspection of MCJ, which the Court denied because it does not have the power to order such an inspection (DN 10). The Court likewise does not have the power to order state and local health departments, which are not parties to this action, to conduct an inspection of MCJ. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an inspection (DN 19) is **DENIED**.

C.      **Motion requesting investigation concerning opening of mail (DN 22)**

Plaintiff also filed a motion to request an investigation into the "disruption, opening and reading of United States Postal Service mail addressed to inmates at the McCracken County Jail by corrections officers [and] subcontractor Swansons Corporations while not in the presence of inmates." This Court does not have the authority to order such an investigation, nor can it conduct one itself. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an inspection concerning the opening of mail (DN 22) is **DENIED**.

D.      **Motion for medical examination (DN 26)**

Plaintiff also filed a motion "to request a medical examination for the decreased lung function and capacity," which he alleges are due to carbon dioxide poisoning, lack of oxygen, and black mold at the MCJ. Defendant filed a response stating that Plaintiff is not entitled to a medical examination because his physical or mental condition is not in controversy in this case

Plaintiff does not indicate under what rule he seeks a medical examination, but the Court assumes it is Fed. R. Civ. P. 35. Rule 35, however, does not vest the Court with authority to appoint an expert to examine a party seeking an examination of himself. Instead, under appropriate circumstances, it allows the Court to order a party to submit to a physical examination at the request of an opposing party. Additionally, Plaintiff does not indicate who will bear the cost for the proposed examination. Regardless, no civil litigant, even an indigent one, has a legal right to such aid. *Smith v. Carroll*, 602 F. Supp. 2d 521, 526 (D. Del. 2009) (citing *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003)). Accordingly,

**IT IS ORDERED** that the motion for a medical examination (DN 26) is **DENIED**.

E.     **Motion to request responses to pending motions (DN 30)**

Plaintiff next filed a motion to request "responses" to several of his motions (DNs 17, 18, 19, 20, and 22). Since the Court has now ruled on these motions, **IT IS ORDERED** that the motion (DN 30) is **DENIED as moot**.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record
4413.010