UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-P164-R

MARK A. TAYLOR                                                                                                PLAINTIFF

v.

BILL ADAMS *et al.*                                                                                         DEFENDANTS

### MEMORANDUM AND ORDER

Plaintiff filed a document (DN 28) containing eight motions seeking injunctive relief and judgment in his favor. For the reasons set forth below, **IT IS ORDERED** that the motions (DN 28) are **DENIED**.

A.   **Motions for preliminary injunctions**

In his one-paragraph motion for a "temporary injunction," Plaintiff requests the Court to close the McCracken County Jail (MCJ) "to forclose future harmful acts to protect from and prevent further dangerous and deadly conditions." He also states, "Inspectors have been ineffective, presently and in the past by the deliberate indifference of inspectors, including Sarah Hughes and Tracy Reed, inspectors for the Department of Corrections."

Plaintiff next seeks a "prohibitory injunction remedy in order to stop the painting of the McCracken County Jail due to injury from exposure." Plaintiff states that he suffered injury from inhalation of paint vapors during the painting of the jail's interior without adequate ventilation "resulting in the forced 'huffing' of toxic fumes."

Plaintiff also includes a "motion to request injunction to stop the operation and occupation of the McCracken County Jail in order to abate and correct harmful, dangerous and deadly health causes."

The Court construes these motions as motions seeking preliminary injunctions. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "'In determining whether to issue a preliminary injunction, the district court is required to consider four factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer an irreparable injury if the court does not grant a preliminary injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest.'" *Abney v. Amgen, Inc.*, 443 F.3d 540, 547 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 400 (6th Cir. 2001)).

Although no single factor is controlling when determining whether a preliminary injunction should issue, the likelihood of success on the merits is often the predominant consideration. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no likelihood of success on the merits is usually fatal."); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("[W]hile, as a general matter, none of [the] four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiff's motions for preliminary injunctions fail, first, because he has not shown that he is likely to prevail on the merits. In order to prevail in this action, Plaintiff must show proof of the alleged dangerous and unsanitary conditions at MCJ. Plaintiff has not offered admissible

evidence to support his claims at this stage, and he therefore fails to meet his burden of showing likelihood of success on the merits.

Secondly, Plaintiff has not shown irreparable injury. To demonstrate irreparable harm, a movant must show "'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney*, 443 F.3d at 552. Plaintiff has not provided any admissible evidence of harm caused by the conditions at MCJ. His allegations are unsubstantiated at this stage and fail to satisfy his burden of proof.

The third and fourth elements also weigh against granting preliminary relief. Closing the McCracken County Jail would undoubtedly cause substantial harm to the McCracken County community, as well as the counties which would have to house the MCJ's inmates. Moreover, it would not be in the public interest. With regard to Plaintiff's motion seeking to stop the painting of the MCJ, it is generally in the best interests of all if courts refrain from becoming involved in day-to-day prison operations. Further, to the extent that Plaintiff is complaining about acts or exposure which occurred in the past, a preliminary injunction is not proper.

For the foregoing reasons, Plaintiff's motions seeking injunctions to close the MCJ and to stop the painting of the MCJ are denied.

**B.     Motion for injunction to restructure health and safety monitoring of MCJ**

Plaintiff also moves for "issuance of structural injunction . . . for the purpose of restructuring the health and safety monitoring of the operational activities of the McCracken County Jail, by an outside regulatory commission, to replace the current health and safety inspection and monitoring system." The Court does not have the authority to order an "outside

3

regulatory commission" to inspect the jail or to replace the inspection procedures in place at the MCJ under these circumstances. Therefore, the motion for such relief is denied.

**C.      Motions for judgment in Plaintiff's favor**

Plaintiff also moves "to request complete relief by the invoking of the equitable jurisdiction of the Court to exercise its power to award complete relief for injunctive purposes including the courts power to award all ancillary relief necessary to accomplish complete justice . . . ." He also moves for "summary judgment against defendants . . . based on the numerous witnesses to claims against defendants, which cannot be effectively disputed, therefore, there is no issue of material fact." Plaintiff also moves to request "reparative injunction remedy for health damages and injuries related to the exposure to the toxic environment mentioned in this document . . . and the loss of potential income due to the diminished health of plaintiff . . . ." He also moves to "request full relief due to irreparable injury and prior injuries."

The Court construes these motions as motions seeking the Court to enter judgment in Plaintiff's favor and award him relief. These requests are premature as Plaintiff has failed to establish proof of his claims and there are indeed disputed issues. Therefore, the motions are denied.

Date:

cc:      Plaintiff, *pro se*
         Counsel of record
4413.010

4