UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-P164-R

MARK A. TAYLOR                                                                                         PLAINTIFF

v.

BILL ADAMS *et al.*                                                                            DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Mark A. Taylor's motion to amend the complaint (DN 33), motion to assert a claim for monetary damages (DN 43), and motion for declaratory judgment (DN 47).

Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Plaintiff's Fourteenth Amendment deliberate indifference claims to proceed against McCracken County for injunctive relief based on his allegations regarding unsanitary and dangerous conditions at the McCracken County Jail (MCJ) (DN 23). However, the Court found that under the Prison Litigation Reform Act,[1] because Plaintiff did not allege a present, existing physical injury, he could not recover compensatory damages for the emotional distress he claimed to have suffered from the alleged conditions.

For the reasons set forth below, the Court will allow Plaintiff to amend his complaint to add a claim for monetary damages against McCracken County for alleged unsanitary and dangerous conditions at MCJ. The Court will deny Plaintiff's motion for declaratory judgment. However, the Court will construe part of the motion as a motion to supplement the complaint and

---

[1] "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

allow Plaintiff to add a Fourteenth Amendment deliberate indifference claim against Jailer Bill Adams in his individual capacity for monetary damages based on Plaintiff's alleged exposure to paint fumes. The Court will deny Plaintiff's motions seeking to add any other claims or Defendants.

## I.

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within twenty-one days after serving the pleading or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, Fed. R. Civ. P. 15(d) provides, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

Because any claims must be reviewed under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), the Court must determine whether Plaintiff's proposed claims would survive initial review to decide his motions to amend the complaint. Under § 1915A and *McGore*, 114 F.3d at 604, the trial court must review the complaint and dismiss any claim that it determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

3

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.

### A.     Motion for leave to amend the complaint (DN 33)

Plaintiff filed a motion for leave to amend the complaint, wherein he states that he seeks to amend the complaint "by merely amplifying and stating additional grounds to support the same cause of action in the original claim and to merely correct technical defects based on defendants liability in tort . . . ." He discusses what appears to be legal authority concerning premises liability, *respondeat superior*, *res ipsa loquitur*, intentional infliction of emotional distress, environmental law, and injunctive relief. Plaintiff also states that he is entitled to punitive damages.

Plaintiff further reiterates facts alleged in his original complaint concerning: "[l]ack of oxygen, overabundance of carbon dioxide due to prolong and persistant overcrowding and a dangerously inadequate outdated malfunctioning, disfunctioning ventilation fresh air exchanger along with the black mold . . . ." He also avers that "other air pollutors such as the application of industrial paint are all contributors to plaintiff's deteriorating health, which is rapidly failing progressively and proveable with medical examinations, blood test, toxin screens and stress test to be compared with pre-illness test results . . . ."

In addition, Plaintiff attaches two documents to his motion to amend the complaint, both of which he labels as "Attachment A." In the first "Attachment A," he states as follows:

> Plantiff claims are against; McCracken County, the McCracken
> County Jail, Van Newberry C.E.O of McCracken County, Bill
> Adams Jailer, Tré English Jail Classification Administrator, Chip
> Ashford Corrections Officer Sergeant, The Department of

> Corrections Kentucky, D.O.C. Inspectors Sarah Hughes, Tracy
> Reed, McCracken County; Fire Marshal Greg Cherry, Chief
> Inspector David Flowers, Building Inspector John Colsen, Chief
> Inspector General Mary R. Begly, the State of Kentucky et al are
> charged in individual capacity as well as official capacity with
> overcrowding of the McCracken County Jail with violations listed
> but not limited to: violation of state, federal and constitutional
> laws and statute and the rights of Plaintiff . . .

He also makes allegations on behalf of "involuntary Plaintiffs Jamie L. Taylor and Jasmine N. Taylor," whom he states are his wife and daughter and are also incarcerated at MCJ. Plaintiff also states that "Defendants are hereby charged with defrauding the United States of America federal government, as well as all criminal acts . . . ." Plaintiff states that he has a claim for "punitive confinement–impermissable punishment violating due process claus depriving the liberty of plaintiffs Mark A. Taylor by Bill Adams, Chip Ashford . . . ."

Plaintiff goes on to reiterate his allegations concerning the alleged dangerous and unsanitary conditions of his confinement at MCJ, including overcrowding, the ventilation system, and failure to isolate prisoners with staph infections. He further states that paint fumes caused him injury, including brain damage. Plaintiff alleges "outrageous behavior" by Newberry, Adams, the Department of Correction, Hughes, and Reed. He also states that "[a]ll personal mail is opened out of the presence of inmates and the mail of many inmates is read in an effort to screen mail. Legal mail is sometimes open when received."

In Plaintiff's second "Attachment A," he states, "Plaintiff cites injury against named tortfeasor Defendants. The specific injury of respiratory function and brain injury from exposure to harmful unclean air environment of black mold, lack of oxygen, overabundance of carbon dioxide . . . ." Plaintiff also alleges, "malicious evil intent by painting over black mold feces

blood, flem, spit, mucos with hazardous poisonous industrial enamel paint, painting plaintiff cell with this hazardous chemical laden paint . . . ."

Defendant filed a response to the motion, in which it states that its counsel does not believe that Plaintiff is attempting to add any new claims to his case, among other arguments, and Plaintiff filed a reply.

To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). The Court is not required to accept bare legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

Plaintiff fails to state sufficient facts in his motion to amend and attachments to add claims against any new Defendant. To the extent that Plaintiff cites legal authority in his motion to amend the complaint without alleging any factual allegations against specific individuals, he fails to state a claim upon which relief may be granted. While Plaintiff's first "Attachment A" states that his "claims are against" listed individuals and entities, Plaintiff wholly fails to make any factual allegations against most of them. Plaintiff states that Adams and Ashford "violat[ed] due process claus[e]" and alleges "outrageous behavior" by several individuals. However, Plaintiff does not describe sufficient facts to support these claims. Moreover, with regard to Plaintiff's claim about inmate mail, Plaintiff does not describe any instance when his own legal

mail was opened outside of his presence. Therefore, Plaintiff fails to state a claim upon which relief may be granted with respect to these claims.

Moreover, to the extent Plaintiff wishes to add criminal charges against any individual or entity, such a claim would fail. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Therefore, Plaintiff cannot "charge" any individual with any criminal charge through this civil action, nor can the Court direct that charges be filed. *See Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

Plaintiff also seeks to state allegations on behalf of "involuntary plaintiffs Jamie L. Taylor and Jasmine N. Taylor." Plaintiff does not have standing to assert any claim on behalf of another person. *See, e.g., Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause). Thus, Plaintiff fails to state a claim on behalf of any other individual.

However, to the extent that Plaintiff alleges that he incurred physical injuries due to the conditions at MCJ and exposure to paint fumes when his cell was painted, the Court will grant Plaintiff's motion to amend and supplement the complaint to add these claims. Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend and supplement the complaint (DN 33) is **GRANTED in part and DENIED in part**. The motion is **GRANTED** to the extent that Plaintiff seeks to amend and supplement the complaint to add a claim for monetary

damages[2] against Defendant McCracken County for dangerous and unsanitary conditions at MCJ, including exposure to paint fumes. The motion is **DENIED** to the extent that Plaintiff wishes to add any other claims or parties.

**B.     Motion to assert claim for monetary damages (DN 43)**

Plaintiff also filed a one-paragraph motion "to assert claim for monetary damages for the serious physical injuries, illness and mental distress suffered him by the defendants." He states that Defendants are "McCracken County, as a government unit, Jailer Bill Adams, McCracken County C.E.O. Van Newberry and all Joint Tortfeasors in their individual capacity." Defendant filed a response, and Plaintiff filed a reply.

The Court has already allowed Plaintiff to amend his complaint to add claims against McCracken County for monetary damages. Further, Plaintiff's motion fails to state any factual allegations against Adams, Newberry, or any other individual in his motion. Accordingly,

**IT IS ORDERED** that the motion to assert a claim for monetary damages (DN 43) is **DENIED**.

**C.     Motion for declaratory judgment (DN 47)**

Plaintiff also filed a "motion for leave to grant declaratory judgement." It is unclear exactly what Plaintiff is seeking. He describes his alleged physical injuries: "decreased lung capacity, dizziness, labored breathing, lack of stamina, weakness, headaches, lethargy." He states that he "was again injured on November 24, 2011 before this Courts screening order, injured by acts of Bill Adams who exposed the plaintiff to an area with a saturated atmosphere of

---

[2]Plaintiff will not be permitted to amend his complaint to add a claim for punitive damages against McCracken County because punitive damages are not available against a municipality. *See Newport v. Fact Concerts*, 453 U.S. 247, 268 (1981).

<pre style="white-space: pre-wrap">
</pre>

hazardous, poisonous, fumes and gases." He further states, "Plaintiff was exposed to several hazardous materials from the slow drying, slow curing paint that his cell was painted with." He states that the painting of his cell caused injury to his brain and pulmonary system and that "[t]hese injuries are a . . . result from the direct acts of Bill Adams and all joint tortfeasors."

Plaintiff states that he "is seeking declaratory relief by declaration of rights, as to the rights of Plaintiff and defendants by statements of controversy as to, medical experts, medical examinations, joinder of tortfeasors as to the undisputed facts." He further states as follows:

> conflict of interest as to the possibility of receiving a proper unbiased medical examination and diagnosis due to the fact that the defendants offer only minimum medical screening. One must take into account the pending civil action of the plaintiff against McCracken County who owns the jail and controls the medical department.

Plaintiff further alleges "[t]he inability to obtain and utilize my family physician because I am no longer an active patient due to the lengt of my incarceration . . . ." He also describes "rights" which apparently he alleges are being hindered: "Plaintiff rights as to obtaining a medical expert, as well as other experts, due to his incarceration and pauper status" and "[m]y right as far as obtaining a second opinion due to the fact that, Dr. Greg Kingston does not specialize in any area . . . ." He states, "Dr. Kingston admits that there are abnormalities with my blood work results, but refuses my request to act more aggressively for the sake of my health, based on blood test abnormalities, indicating lung damage, liver damage and malnutrition." Plaintiff further states the following:

> With the Plantiff having a bulging collarbone, toenails splitting against the grain, softening teeth that are gashed easily are all easily dismissed by Dr. Kingston. I complained about an excrutiating pain in my left arm rotator cup, shoulder blade, and collarbone. Dr. Kingston put his hand immediately on the spot on

> my arm and replied "we all get knotted up muscles"; This muscles
> in my arm is hardened and has been for months.  The combination
> of all the above symptoms would alarm and prompt any physician
> to investigate further.  Yet, Dr. Kingston insist on following the
> general schedule of all medication taking patients, who have no
> indications of organ damage.

To his motion, Plaintiff attaches what appears to be a laboratory report of blood work performed on Plaintiff.  Defendant filed a response to the motion, and Plaintiff replied.

To the extent that Plaintiff seeks a declaratory judgment, Plaintiff does not state any grounds to support entry of a declaratory judgment, and the Court does not discern any. "[D]eclaratory relief is inappropriate to adjudicate past conduct, such as when the damages have already accrued."  12 James Wm. Moore et al., Moore's Federal Practice § 57.04 (3d ed.).  If Plaintiff is attempting to obtain a medical expert or other discovery through this motion, this is not the appropriate vehicle.  The procedure for obtaining discovery is set forth in the Federal Rules of Civil Procedure.  The Court likewise does not have the authority to order that Plaintiff get a "second opinion."

However, because Plaintiff's motion for declaratory judgment alleges new claims, the Court also **CONSTRUES** it as a motion to supplement the complaint.  The Court will allow Plaintiff to supplement his complaint to add a claim against Adams in his individual capacity[3] for deliberate indifference based on his alleged exposure to paint fumes.

To the extent that Plaintiff is trying to bring a claim against Dr. Kingston for refusing to treat him more aggressively, Plaintiff will not be permitted to add such a claim.  "A prison

---

[3]As discussed in the Court's initial screening memorandum opinion and order (DN 23), an official-capacity claim against Adams is subject to dismissal as redundant since Plaintiff has sued Adams's employer, McCracken County, directly.  *See Von Herbert v. City of St. Clair Shores*, 61 F. App'x 133, 140 (6th Cir. 2003).

official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."[4]  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  In order for a claim to rise to the level of an Eighth Amendment/Fourteenth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id*. at 837-38.

Not every claim of inadequate medical treatment states an Eighth Amendment/Fourteenth Amendment violation.  *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  A difference of opinion between the inmate and the prison medical official(s) concerning diagnosis or treatment does not constitute a constitutional violation.  *Id*. at 107.  Nor does negligent medical care constitute a constitutional violation without deliberate indifference resulting in substantial harm.  *Id*. at 106; *Johnson v. Leonelli*, No. 99-6220, 2000 U.S. App. LEXIS 25254, 2000 WL 1434767, at *1 (6th Cir. Sept. 19, 2000).  Further, courts make a distinction between cases in which there is a complete denial of medical care and those where the claim is one of inadequate medical treatment.  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Id*.

---

[4]The Eighth Amendment "was designed to protect those convicted of crimes" and does not protect pretrial detainees.  *Ingraham v. Wright*, 430 U.S. 651, 664 (1977).  Plaintiff states that he is a pretrial detainee.  For the purposes of initial review, however, this is largely a distinction without a difference because the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment.  *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001).

Plaintiff's allegations make clear that he has not been denied medical treatment but that he has a difference of opinion with Dr. Kingston concerning his treatment. While he broadly states that he has incurred liver and lung damage, he does not indicate that he has ever been diagnosed by a doctor with such conditions. Dr. Kingston had Plaintiff undergo a battery of blood tests, evidenced by the laboratory report Plaintiff attached to his motion. Plaintiff's own statements show that he is on a "general schedule of all medication taking patients." Because Plaintiff is receiving medical treatment and this Court does not wish to second guess this doctor's medical judgments, Plaintiff will not be allowed to supplement his complaint with a claim against Dr. Kingston.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for a declaratory judgment (DN 47) is **GRANTED in part and DENIED in part**. The motion is **DENIED** to the extent Plaintiff seeks declaratory relief. However, Plaintiff's motion to supplement the complaint to add a claim against Jailer Adams in his individual capacity for monetary damages for deliberate indifference based on Plaintiff's alleged exposure to paint fumes is **GRANTED**. To the extent Plaintiff seeks to add any other claims or parties, the motion is **DENIED**.

**IT IS FURTHER ORDERED** as follows:

(1)     **The Clerk of Court shall prepare and issue summons, and the United States Marshal shall serve a copy of the supplemental complaint (DN 47) and summons on Defendant Bill Adams in accordance with Rule 4 of the Federal Rules of Civil Procedure. A copy of the supplemental complaint and this Order shall also be served on the McCracken County Attorney.**

(2)     Should Plaintiff receive notice that the summons is returned to the Court unexecuted, **Plaintiff is WARNED that he must take steps to remedy the defect in service** by providing additional information to the Court**. Failure to do so within 120 days of entry of this Order may result in dismissal of this Defendant.**  *See* Fed. R. Civ. P. 4(m).

(3)     Defendant Adams's answer to the supplemental complaint (DN 47) shall be filed no later than **21 days** after service of summons.

(4)     Defendant McCracken County's answer to the amended and supplemental complaint (DN 33) shall be filed no later than **21 days** from the entry date of this Memorandum and Order.

Date:


cc:     Plaintiff, *pro se*
        Counsel of record
        Defendant Bill Adams
        McCracken County Attorney
4413.010