UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-164-R

**MARK A. TAYLOR**

**v.**

**BILL ADAMS** *et al.*

### MEMORANDUM AND ORDER

This matter is before the Court upon the Defendants' Motion For Relief From Magistrate's Order (DN 69), to which the Plaintiff has responded in opposition (DN 72), and the Defendants have replied (DN 73). For the reasons below, the Motion is DENIED with leave to re-file.

### Background and Procedural History

The Plaintiff is a pre-trial detainee in the McCracken County Jail awaiting trial on a state capital murder charge. The Plaintiff brought this action alleging that the conditions of his confinement are dangerous and unsanitary.

At a deposition occurring on June 7, 2012, at the McCracken County Jail, the Plaintiff disregarded the advice of his criminal defense attorney, Aaron Harper, to assert his Fifth Amendment rights and to not answer certain questions that would tend to incriminate him. Counsel for the Defendants, Douglas Moore, stated as follows (transcript of deposition, DN 54-1, pp. 4 and 6):

> [F]rankly, if you answer my questions, you would be giving up some Fifth Amendment rights that I believe you have in your criminal case. So I don't feel comfortable right now taking your deposition. ... I'm going to be filing a motion for a stay pending resolution of your criminal matter.

Instead of filing a motion for a stay, the Defendants filed what – notwithstanding the Plaintiff's apparent willingness to answer any question put to him – they styled as a Motion To

Compel (DN 54). The substance of the motion was to obtain pre-approval by this Court of a wide-open, possibly-incriminating line of questioning concerning the Plaintiff's activities and physical/mental health in the weeks prior to his incarceration.

The Court denied the so-called Motion To Compel and prohibited this line of questioning (DN 60) for two reasons: relevance (Fed.R.Civ.P. 26(b)(1)) and "undue burden" (Fed.R.Civ.P. 26(c)(1)(D)). The Defendants failed to show that the proposed line of questioning was relevant to the Plaintiff's claim for injunctive relief. In addition, the risk that the Plaintiff would incriminate himself constituted an undue burden on the Commonwealth's prosecution and the McCracken Circuit Court that was worthy of protection by this Court.

After entry of the Order, Senior District Judge Russell entered a Memorandum and Order (DN 64) allowing the Plaintiff to add claims for monetary damages for post-incarceration injuries.

On August 28, 2012, the Defendants filed the pending Motion For Relief From Magistrate's Order (DN 69). They argue that, in light of these new claims, evidence pertaining to the Plaintiff's pre-incarceration status is now relevant and, therefore, "the rationale behind the limitations expressed in Magistrate Judge King's Order is no longer valid" (DN 69, p. 2). Once again, they seek pre-approval of wide-open questioning.

On September 5, 2012, the undersigned issued an Order extending discovery deadlines in light of the pending motion (DN 70):

> The Defendant has noticed the Plaintiff's deposition for September 13, 2012.
>
> The Defendant's motion for relief was filed on August 28, 2012, and the deadline for discovery is September 30, 2012 (DN 60, p. 6). Because the motion will not be ripe to be ruled upon until after the discovery deadline has passed, the Court will extend the discovery deadline to permit the Plaintiff an opportunity to respond in opposition to the motion and for the Defendant to reply thereto. The undersigned shall consider the motion for relief after it has been fully briefed.

It is therefore ORDERED that the discovery deadline is EXTENDED through November 30, 2012;

The Defendants proceeded to depose the Plaintiff on September 13, 2012. They state that (DN 73, p. 2)

> On at least three occasions during that deposition, undersigned counsel was forced to abandon certain lines of questioning that appeared to be highly relevant, because the Magistrate's Order currently in effect allows Defendants to depose Plaintiff only regarding his claims for injunctive relief, and severely limits the scope of the examination that can be conducted. Some of the questions were certified and will be presented to the Court for a ruling once the transcript is received from the court reporter.

In response to this motion for relief, the Plaintiff now objects to any discovery that would waive his Fifth Amendment rights and accuses the Defendants' attorney of attempting to assist the prosecution in his criminal case.

## Analysis

While the presence of the new claims for monetary damages may cast doubt on the validity of the relevance rationale, it does not change the "undue burden" rationale.

According to the Defendants, the risk of burdening the criminal case "is actually a function of Plaintiff's rejection of his attorney's legal advice to seek a stay of these proceedings and his stubborn insistence on going forward with this civil action" (DN 73, p. 1). As noted above, it was defense counsel who first indicated that he intended to file a motion for a stay (DN 54-1, p. 6). The Plaintiff also has not moved for a stay. However, at this point, he does seek to preserve his Fifth Amendment rights and prevent "deposition questions in which ... any answer given, once it is given, will be used in the criminal case against Taylor advantageously in order to help prosecute Taylor" (DN 72, p. 2).

As to the Plaintiff's allegations that the Defendants' attorney in this civil case is working for

3

the prosecution in the Plaintiff's criminal case, the record is clear that defense counsel has gone to great lengths to make sure this Court addresses the Defendant's constitutional protections prior to taking actions that could result in the Defendant's inadvertent waiver of his rights.

### Findings, Conclusions, and Order

The Defendants' Motion For Relief From Magistrate's Order (DN 69) is DENIED without prejudice.  The Defendants are granted leave to file a renewed motion for relief following the resolution of the Plaintiff's criminal proceedings or resolution of any dispositive motions in this case.  If the Defendants file a renewed motion prior to resolution of the criminal proceedings, the motion should 1) Identify any question they propose to ask the Plaintiff; 2) Explain how the question is relevant to their defense of the claim; and 3) Show that the questioning does not involve a substantial risk of unduly burdening the state prosecution and trial court.

In the event the Defendants satisfy the first two but not the third condition and neither party has filed a motion to stay, the Court will consider the possibility of *sua-sponte* entering an appropriate order.

For the foregoing reasons, the Defendants' Motion For Relief From Magistrate's Order (DN 69) is DENIED.