UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:11CV-164-R

**MARK A. TAYLOR**

v.

**BILL ADAMS** *et al.*

### MEMORANDUM OPINION AND ORDER

The Plaintiff, a pretrial detainee in the McCracken County Jail, is presently litigating a conditions-of-confinement claim pursuant to 42 U.S.C. § 1983. This matter is before the Court upon the Plaintiff's Motion to Compel Defendants to Provide Copies of Legal Text from the Law Library and to Prohibit Obstruction of Justice by Defendants (DN 74). The Defendants have responded in opposition to the motion (DN 75). The Court has referred this matter to the undersigned Magistrate Judge for ruling on all discovery motions (DN 53).

For the reasons below, the motion (DN 74) is DENIED.

### Right of Access to the Courts

The Plaintiff indicates that he has located an article in the McCracken County Jail library identified as "60 Penal and Correction[al] [Institutions], American Jurisprudence 16A." He seeks a Court order requiring the Defendants to provide him a copy of this text at the "general rate" of ten cents per page (DN 74-1) inasmuch as he "has been forced to hand copy [this] volumous *(sic.)* text in [his] limited 1-hour library period ... once a week" (DN 74, p. 1).

It is well established that prisoners have a constitutional right of access to the courts and this right contemplates, at a minimum, that prison officials provide inmates with paper and pen to draft legal documents, notary services to authenticate the papers, and stamps to mail them. *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977). In addition, officials must provide meaningful access to the

courts through adequate law libraries or assistance from persons trained in the law. *Id.* at 828.

An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable constitutional claim of interference with access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). A plaintiff must plead and demonstrate that the lack of legal materials has hindered or is presently hindering his efforts to pursue a non-frivolous legal claim. *Id.* at 351.

The Sixth Circuit has held that "the right of access does not include a *per se* right to photocopies in whatever amount a prisoner requests." *Courtemanche v. Gregels*, 79 Fed. Appx. 115, 117 (6th Cir.2003). This Court (Thomas B. Russell) rejected a right-of-access claim because the claimant "has not alleged that a non-frivolous claim has been lost/rejected or currently is being prevented due to ... prison staff's refusal to photocopy a news article" *Baze v. Huddleston*, 2011 WL 1838621 at *2 (W.D.Ky.). Other courts within this circuit have reached similar conclusions. See, for example, *Baldwin v. Brandle*, 2012 WL 895293 at *2 (N.D.Ohio) ("While he contends Defendants refused to make copies of a motion for him, nothing in the record demonstrates Plaintiff was prevented from pursuing his underlying case") and *Stackhouse v. Peake*, 2007 WL 3047248 at *3 (W.D.Mich.) ("Plaintiff does not allege that he suffered any injury as a result of the alleged denial of ... photocopies").

The Plaintiff has not pled or demonstrated an actual injury inasmuch as he has not shown that the Defendants' refusal to make the requested copies has resulted in loss/rejection of any claim or that he has otherwise been prevented from pursuing his underlying conditions-of-confinement case. Therefore, the Plaintiff's motion to compel the Defendants to provide copies of a legal text from the law library should be denied as lacking an adequate constitutional basis.

## Due Process

To the extent the Plaintiff implies that his motion to compel is predicated upon the Defendants' refusal to honor jail policy to provide inmates with copies at the "general rate" of ten cents per page (DN 74-1), the Plaintiff has not adequately alleged the existence of such a policy – whether written or merely unwritten custom or practice.

The Fourteenth Amendment provides that no State shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV, § 1.  A liberty interest may arise from the Constitution itself or "an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  In a prison context, a protected liberty interest is one the denial of which would "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Connor*, 515 U.S. 472, 484 (1995).  The Plaintiff has failed to show the existence of a policy the denial of which is imposing upon him this degree of hardship.

## Obstruction of Justice

The Plaintiff's request to prohibit obstruction of justice by defendants appears to be predicated upon the same refusal to permit photocopies that is the subject of the Plaintiff's motion to compel.  Therefore, the request also should be denied.

## Order

For the foregoing reasons, the Plaintiff's Motion to Compel Defendants to Provide Copies of Legal Text from the Law Library and to Prohibit Obstruction of Justice by Defendants (DN 74) is hereby DENIED.